AARON J. DOUGLAS,

    Plaintiff,

    v.

UNIVERSITY OF CHICAGO,

    Defendant.

No. 14 CV 7244

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Aaron J. Douglas, is an African-American economist. Complaint at 13.[1] Defendant, the University of Chicago, publishes an academic journal in the field of economics. *Id*. Douglas alleges that the University disproportionately rejects papers submitted by African-American authors. *Id*. at 15, 20, 27–32. In April 2014, the University rejected one of Douglas's papers. *Id*. at 22, 25. Douglas alleges that, in doing so, the University discriminated against him on the basis of his race and color. Complaint at 11. Douglas sued under Title VII of the Civil Rights Act of 1964. Complaint at 4. For the reasons discussed below, the University's motion to dismiss is granted and the complaint is dismissed with prejudice.

**I.    Legal Standards**

In deciding whether to dismiss Douglas's claim under Federal Rule of Civil Procedure 12(b)(6), I construe the complaint in the light most favorable to Douglas,

---

[1] The facts are taken from the complaint [1], which is cited as "Complaint." In the citation "Complaint at *x*," *x* refers to the CM/ECF page number at the top of the page.

accept as true all well-pleaded facts, and draw reasonable inferences in his favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal marks omitted). To avoid dismissal, the complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich*, 722 F.3d at 915 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II. Analysis

### A. Douglas lacks the required employment relationship with the University.

It is undisputed that Douglas was not employed by, and did not seek employment with, the University. Complaint at 1, 2, 11, 20, 26. The University argues that the lack of employment relationship dooms Douglas's claim. [14] at 4. Douglas offers two responses:[2] first, that the University is liable under Title VII for

---

[2] In response to the University's motion, Douglas asked for an extension of time in which to file an amended complaint. [17]. Douglas was given additional time in which to file *either* an opposition brief or an amended complaint. [18]. He filed both. [19, 20]. However, the document styled as an amended complaint is similar to the opposition brief: it presents legal arguments in support of Douglas's claim, rather than new factual allegations. [20]. The "amended complaint" was stricken and the University was directed to construe Douglas's two filings together as a single response to the motion to dismiss. [23]. Douglas objected to the order striking his amended complaint, arguing that he could have amended his complaint as a matter of course. [25, 26]. That argument is technically correct—a party may file an amended complaint once as a matter of course under Fed. R. Civ. P. 15(a)(1)(B)

2

"interfering" with Douglas's relationships with other employers;[3] and second, that the University is liable under Title VII for administering a racially biased "employment related test." [19] ¶¶ 3–4. Neither response is persuasive.

First, to be liable under Title VII, a defendant must be the plaintiff's employer, prospective employer, or joint employer, or must be affiliated with the plaintiff's employer, prospective employer, or joint employer. *Sklyarsky v. Means-Knaus Partners, L.P.*, --F.3d --, 2015 U.S. App. LEXIS 1494, *5–6 (7th Cir. Jan. 29, 2015). There is no liability where a defendant "interferes" with a plaintiff's employment with some unrelated employer. In *Sklyarsky*, the Seventh Circuit confirmed the validity of the interference theory for claims under 42 U.S.C. § 1981, but not for Title VII claims. *Id*. at *6.[4] Though the Seventh Circuit has not yet

---

within 21 days of being served with a motion to dismiss. But while Douglas's document is titled "amended complaint," it is more akin to an additional brief in opposition to the University's motion to dismiss. To ensure Douglas's pro se claims were addressed in an orderly fashion, I directed that the document be construed in connection with the pending motion to dismiss. If the document should have been construed as a new, operative complaint in this action, the outcome would be no different. A district court can dismiss a complaint *sua sponte* if it is clear from the plaintiff's pleading that he does not state a claim. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997); *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993); *Apostol v. Landau*, 957 F.2d 339, 343 (7th Cir. 1992). As discussed below, Douglas's allegations in both his complaint and his amended complaint do not state a claim.

[3] Douglas appears to acknowledge that the Seventh Circuit does not recognize the interference theory, [19] ¶ 3, but he does not "completely abandon" it, [20] ¶ 11.

[4] Douglas does not pursue a claim under 42 U.S.C. § 1981. His complaint includes a template form on which he checked boxes, indicating that the alleged discrimination was on the basis of "color," and "race." Next to those boxes, the template references both Title VII and Section 1981. Complaint at 4. On that same page, Douglas underlined the bases for federal jurisdiction over Title VII claims, but not for Section 1981 claims. *Id*. Neither party mentioned Section 1981 in briefing, and Douglas did not mention it in his amended complaint. *See Alam v. Miller Brewing Co.*, 709 F.3d 662, 669 (7th Cir. 2013) (finding Section 1981 claim waived where no reference to Section 1981 was made in the complaint, amended complaint, or either of two responses to motions to dismiss). In any event, an

explicitly rejected the Title VII interference theory, if given the opportunity, it would. *See EEOC v. Illinois*, 69 F.3d 167, 169 (7th Cir. 1995) ("We think it very doubtful that laws which forbid employers to discriminate create a blanket liability to employees of *other* employers for interference with *their* employment relationships.") (emphasis in original); *Mays v. BNSF Ry. Co.*, 974 F.Supp.2d 1166, 1169–74 (N.D. Ill. 2013) (reviewing precedent and concluding that "it would not be unreasonable to predict that the Seventh Circuit would definitively reject the interference theory under Title VII if squarely presented with that question.").[5]

Douglas's second argument characterizes the University's selection of articles for publication as "administering" a racially biased employment-related test. [19] ¶¶ 4, 6; [20] ¶¶ 11, 14. Douglas correctly notes that Title VII prohibits the use of biased employment-related tests. 42 U.S.C. § 2000e-2(l). But the ban is directed at Title VII "respondents"—a term that means employers, employment agencies, labor organizations, joint labor-management committees, and certain entities of the federal government. 42 U.S.C. § 2000e(n). In the context of this case, the University was none of those things, so Douglas cannot sue the University under Title VII for administering a biased test. *See Chi. Reg'l Council of Carpenters v. Pepper Constr. Co.*, 2014 U.S. Dist. LEXIS 39909, *6–11 (N.D. Ill. 2014) (dismissing a claim

---

interference claim under Section 1981 requires intentional interference with a specific employment relationship, *Shaikh v. City of Chicago*, 341 F.3d 627, 630–31 (7th Cir. 2003), which Douglas has not alleged.

[5] Douglas's argument that accepting the interference theory is necessary to vindicate meritorious claims is unpersuasive. A plaintiff remains able to sue his employer, as it appears Douglas did. *See Douglas v. Norton*, 167 Fed.Appx. 698 (10th Cir. 2006).

brought against the creator of an employment test, rather than the employer that used it).

### B. Even if no employment relationship is required, Douglas has not plausibly stated a claim.

Douglas's case against the University suffers from an independent flaw: he has not plausibly alleged that the University's actions caused him any employment-related harm. Douglas alleges that, if more of his articles had been published in prestigious journals, he would have been promoted or granted tenure with two prior employers. [19] ¶ 30. But he was denied tenure in 1971, and denied a promotion in 2011. [19] ¶ 30. The University's subsequent rejection of his paper (in April 2014) could not have caused those denials.

Douglas has not identified any employer or prospective employer that allegedly took any action that it would not have taken—or failed to take any action that it would have taken—had the University not rejected Douglas's paper. In other words, Douglas has not alleged facts that permit a reasonable inference that the University interfered with his employment. "A plaintiff who was not injured by a challenged employment practice—even an objectionable practice—has no ground to complain, whether the theory be disparate impact or any other." *Welch v. Eli Lilly & Co.*, 585 Fed.Appx. 911, 913 (7th Cir. 2014).

### C. Dismissal is with prejudice.

Although leave to amend is liberally granted, it need not be granted where amendment would be futile. *Hongbo Han v. United Cont'l Holdings, Inc.*, 762 F.3d 598, 603 (7th Cir. 2014). In his original complaint, response brief, and amended

5

complaint, Douglas failed to allege a connection between the University's actions and any employer or prospective employer.[6] While Douglas's pro se status affords him some leeway, he is an experienced litigant in federal court.[7] If he suffered a particular employment-related harm, he should have alleged it by now. More fundamentally, he has repeatedly admitted that he lacks an employment relationship with the University, *e.g.*, Complaint at 1, 2, 11, 20, 26, which makes any amendment futile.

---

[6] Douglas filed a similar complaint and amended complaint against Harvard University, and failed to connect his allegations against Harvard to a particular employer. *See Douglas v. President and Fellows of Harvard College*, No. 1:14-cv-13541-DPW (D. Mass.) (docket entries 1 and 12).

[7] Though pro se, Douglas is an attentive and capable litigant. He promptly and correctly brought attention to (1) the absence of a discovery schedule under Fed. R. Civ. P. 16(b)(2), and (2) the right to file an amended complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(B). In addition to his pending case in the District of Massachusetts, Douglas has filed several suits in the District of Colorado. *Douglas v. Norton*, No. 1:02-cv-01375-MJW-PAC; *Douglas v. City of Fort Collins*, No. 1:04-cv-00956-JLK; *Douglas v. Alaron Trading Corp.*, No. 1:06-cv-00291-REB-MEH; *Douglas v. No Defendants Named*, No. 1:09-cv-02047-CMA; *Douglas v. No Defendants Named*, No. 1:11-cv-01007-LTB; *Douglas v. No Defendants Named*, No. 1:12-cv-01097-LTB; *Douglas v. City of Fort Collins*, No. 1:12-cv-02615-MSK-MEH.

## III. Conclusion

For the foregoing reasons, the University's motion to dismiss is granted. The complaint is dismissed with prejudice. The Clerk shall enter judgment in favor of the defendant and terminate this case.

ENTER:

Manish S. Shah
United States District Judge

Date: 2/19/15